UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HAMZA MOHAMMED JAMA,             Case No. 3:23-cv-01699-MC

    Plaintiff,                                            ORDER

    v.

KENNETH BALL, Chaplain,

    Defendant.

_____

MCSHANE, Chief Judge.

Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections (ODOC), filed this action pursuant to 42 U.S.C. § 1983 and alleged that Chaplain Ball violated his rights to religious freedom while Plaintiff was housed at the Deer Ridge Correctional Institution (DRCI). Plaintiff now moves to amend and supplement his Amended Complaint to add claims against numerous ODOC officials, including chaplains and grievance officials at Eastern Oregon Correctional Institution (EOCI), where Plaintiff is currently housed. Plaintiff also moves for a

1   - ORDER

preliminary injunction requiring EOCI officials to accommodate prayer services and for the production of documents. For the reasons explained below, Plaintiff's motions are DENIED.

## DISCUSSION

In his proposed Second and Third Amended Complaints, Plaintiff alleges that the Governor of Oregon and numerous ODOC officials violated his rights to religious freedom, equal protection, and access to the courts by failing to provide adequate resources for his religious practices and by denying his grievances and complaints regarding the same. Plaintiff also alleges that EOCI grievance officials retaliated against him by delaying and denying his grievances.

Under Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [to amend] when justice so requires." The Court must consider five factors in deciding whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Further, under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." However, matters newly alleged in a supplemental complaint must have "some relation to the claim set forth in the original pleading," and supplemental pleadings should not be used to introduce an entirely distinct cause of action. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citation omitted); *Planned Parenthood of S. Ariz. v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997) ("While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.") (citation omitted).

Plaintiff's proposed new claims generally allege that EOCI officials violated his rights to religious freedom by canceling prayer services due to the lack of volunteers, failing to remove pictures with animals from prayer areas, and failing to provide adequate prayer rugs. Plaintiff further alleges that DRCI and EOCI grievance coordinators denied him access to the courts and retaliated against him by delaying or denying his grievances.

Most of Plaintiff's proposed claims are futile. Plaintiff seeks to hold Governor Kotek, EOCI Superintendent Pedro, Assistant Superintendent Neistadt, Borello, and Melendez liable for the alleged actions of other ODOC officials. It is well established that § 1983 liability cannot be based on a defendant's supervisory status; instead, Plaintiff must allege that each defendant personally participated in the alleged violation of his rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege such facts. Similarly, Plaintiff seeks to hold Neistadt, Borello, Melendez, and Toth liable based on their responses to his grievances and inmate communications, and their conduct does not constitute personal participation in the alleged violation of Plaintiff's rights.

Plaintiff also seeks to add claims against Ybarra, Sobotta, and Cunho arising from their responses to and denials of his grievances. However, AICs do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Fairley v. Shelton*, 664 Fed. App'x 616, 617 (9th Cir. 2016) (citation omitted) (holding that the trial court properly granted summary judgment against an inmate's claim alleging that an official improperly denied his grievance). Further, the denial of a grievance, standing alone, is de minimis action and insufficient to establish a claim of First Amendment retaliation. *See, e.g., Burgos v. Canino*, 641 F. Supp. 2d 443, 454 (E.D. Pa.) (finding that the rejection or denial of prison grievances does not constitute adverse action for purposes of

3    - ORDER

a retaliation claim), *aff'd*, 358 Fed. App'x 302 (3d Cir. 2009); *Colvin v. Horton*, 2019 WL 3927425, at *12 (W.D. Mich. Aug. 20, 2019) (holding that the failure to process a grievance is not adverse action); *Dicey v. Hanks*, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) ("[T]he denial of a grievance neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities"). While the improper denial of grievances could give cause to excuse the administrative exhaustion requirement, it does not provide a basis for a separate cause of action.

      Finally, Plaintiff's proposed claims against EOCI Chaplains Zuleta and Di Salvo arise from completely different factual circumstances than his claims against DRCI Chaplain Ball, and these claims are not appropriately raised in a supplemental pleading. Moreover, Defendant contends that Plaintiff has not exhausted his administrative remedies regarding his proposed claims against Zuleta and Di Salvo, and determining whether Plaintiff should be excused from the exhaustion requirement will cause unnecessarily delay in this action. If Plaintiff wishes to pursue claims against Zuleta and Di Salvo, he must file a separate action against them.

      For the same reasons, Plaintiff's motion for preliminary injunction is denied. Plaintiff seeks an injunction requiring EOCI officials to: 1) insure weekly Jumu'ah Prayers; 2) provide an imam who is qualified to conduct Jumu'ah services; and 3) provide a prayer space without animal or human pictures. However, Chaplain Ball from DRCI is the only named Defendant in this action and Plaintiff cannot seek injunctive relief against EOCI officials. Again, Plaintiff must file a separate action seeking such relief.

      Plaintiff also seeks to compel the production of documents responsive to his requests and contends that Defendant has not provided him with "any documents." However, Plaintiff's motion fails to identify the discovery he seeks and does not explain why the documents are

relevant to his claims. Further, the evidence of record refutes Plaintiff's claims, as he signed for the receipt of discovery documents on July 12, 2024.

Regardless, defense counsel represents that Plaintiff was provided with additional documents responsive to his requests as of October 23, 2024. Given the time and effort required to process Plaintiff's requests, I find Defendant's response satisfactory and Plaintiff's motion to be moot.

## CONCLUSION

Plaintiff's Motions for Leave to File Amended Complaint, for Supplemental Pleading and Preliminary Injunction, to Compel Production of Documents, and for an Extension of Time (ECF No. 46, 55, 59, 61, 64, 65) are DENIED. Discovery shall be completed and dispositive motions shall be filed by January 13, 2025.

IT IS SO ORDERED.

DATED this 7th day of November, 2024.

                                                s/ Michael J. McShane
                                                MICHAEL J. MCSHANE
                                                United States District Judge